UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID F. MERRICK, TRADERS INTERNATIONAL RETURN NETWORK, MS, INC., GTT SERVICES, INC., MDD CONSULTING, INC., and GO ! TOURISM LLC,<br><br>Defendants. | CIVIL ACTION No. 6:09-cv-1744-Orl-31KRS<br><br>HON.<br><br>JURY TRIAL DEMAND |

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT FOR ORDERS OF PRELIMINARY AND PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, Securities and Exchange Commission ("SEC" or "Commission"), alleges and states as follows:

### NATURE OF THE ACTION

1. The Commission brings this emergency law enforcement action to stop a multi-million dollar Ponzi scheme and to freeze and recover millions of dollars derived from the scheme.

2. This matter involves fraudulent misrepresentations in the unregistered offer and sale of securities by Defendants David F. Merrick ("Merrick"), an unregistered investment

adviser, and his unregistered foreign investment company Traders International Return Network ("TIRN") and assisted by Merrick's shell entities, MS, Inc. ("MS"), GTT Services, Inc. ("GTT"), MDD Consulting, Inc. ("MDD"), and Go ! Tourism LLC ("Go Tourism").

3. From at least July 2008 and continuing through at least October 2009, Merrick and TIRN have raised more than $22 million from approximately 2,500 investors through the fraudulent offer and sale of unregistered securities, in the form of investment contracts in TIRN. TIRN instructs investors to deposit funds into bank accounts in the names of MS and GTT, entities controlled by Merrick, and falsely states it will invest these funds in securities and other investments such as stocks and bonds. In fact, Merrick then transfers these funds to other entities he controls, including MDD and Go Tourism, and to himself, colleagues and/or entities under these individuals' direct control, for their own benefit. Merrick has also used investors' funds to repay other investors. None of the investors' funds are invested in any securities or other investments described on the TIRN website.

4. Merrick and TIRN, directly and indirectly, have engaged in, and unless enjoined, will continue to engage, in acts, transactions, practices and courses of business that violate Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. As a result of the foregoing, Defendants MS, GTT, MDD and Go Tourism, directly or indirectly, have aided and abetted violations by Merrick and TIRN of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

5.  Merrick and TIRN, directly and indirectly, have also engaged, and unless enjoined, will continue to engage, in acts, transactions, practices and courses of business that violate Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c)], Section 15(a) of the Exchange Act and Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

6.  Merrick and TIRN, directly and indirectly, have also engaged, and unless enjoined, will continue to engage, in acts, transactions, practices and courses of business that violate Section 7(d) of the Investment Company Act of 1940 ("ICA")[15 U.S.C. § 80a-7(d)].

7.  The Commission brings this lawsuit to stop the Defendants' ongoing and flagrant violations of the federal securities laws; to freeze Defendants' assets; to recover the millions of dollars of investor funds that Defendants have misappropriated for their own use, the use of others or offshore accounts; and to prevent further harm to investors.

## DEFENDANTS

8.  **David F. Merrick**, age 61, is a resident of Apopka, Florida. Merrick is President of TIRN and MDD, and serves as TIRN's investment adviser. Merrick was Secretary of MS from January 28, 2009 to May 11, 2009, when he removed himself as an officer. Merrick was President of GTT from its incorporation on January 29, 2008 to April 30, 2009. Merrick was President of Go Tourism from its incorporation on January 15, 2008 to May 23, 2008, when he removed himself as President and became Vice-President. Merrick is the authorized signatory for accounts at numerous banks in the names of MS, GTT, Go Tourism and MDD. Merrick does

not hold any securities licenses and has never been registered with the Commission in any capacity.

9.  **Traders International Return Network** is an entity headquartered in Panama City, Panama and claims on its website that it has offices in Switzerland, Kuala Lumpur, Malaysia and Dubai. TIRN is not a corporation or business registered in the United States. TIRN has never been registered with the Commission.

10. **MS, Inc.** is a Florida corporation with its principal place of business in Maitland, Florida. According to its articles of incorporation, MS is purportedly in the business of "IT marketing services." Investors in TIRN deposit their funds in an account in the name of MS. Merrick was Secretary until May 11, 2009, when he stepped down as an officer.

11. **GTT Services Inc.** is a Florida corporation with its principal place of business in Orlando, Florida. The business purpose of GTT is unknown; its articles of incorporation state the purpose for which it is organized is "any and all lawful business." Merrick served as President until April 30, 2009, when he removed himself as an officer.

12. **MDD Consulting, Inc.** is a Florida corporation with its principal place of business in Apopka, Florida. The business purpose of MDD is unknown; its articles of incorporation state the purpose for which it is organized is "any and all lawful business." MDD was incorporated on February 2, 2009 and Merrick is the President.

13. **Go ! Tourism LLC** is a Florida corporation with its principal place of business in Margate, Florida. According to its articles of incorporation, Go Tourism is purportedly in the business of "marketing e-tourism." Go Tourism was incorporated on January 15, 2008 in Florida by Merrick, who was the President until May 2008 and the Vice-President thereafter.

## JURISDICTION AND VENUE

14. The Commission brings this action pursuant to the authority conferred on it by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Sections 21(d) and (e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)], Section 42 of the ICA and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)].

15. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Sections 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(e) and 78aa], Section 44 of the ICA [15 U.S.C. 80a-43], and Section 214 of the Advisers Act [15 U.S.C. §80b-14]. Venue is proper in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. §78aa], Section 44 of the ICA [15 U.S.C. 80a-43], and Section 214 of the Advisers Act [15 U.S.C. §80b-14].

16. The Defendants inhabited and transacted business in the Middle District of Florida and the acts, transactions, practices, and courses of business constituting the violations alleged herein occurred within the jurisdiction of the United States District Court for the Middle District of Florida and elsewhere.

17. Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, and the mails, in connection with the acts, transactions, practices, and courses of business alleged herein.

## FACTS

## THE UNDERLYING MASSIVE PONZI SCHEME

18.    From approximately July 2008 through the present, Defendants Merrick and TIRN offered and sold securities in TIRN in the form of investment contracts to investors.

19.    Merrick has served as the investment adviser to TIRN. However, he is not registered with the Commission as an investment adviser.

20.    Through their offering, Merrick and TIRN raised at least $22 million from at least 2,500 investors. No registration statement has been filed or is in effect with the Commission in connection with the offer or sale of the TIRN securities.

21.    Merrick and TIRN represent to prospective and actual investors that TIRN is a private investment club. Merrick and TIRN represent on TIRN's website that TIRN pools investors' funds and uses "multiple investment companies, proprietary computer software programs and professional investment partners and individual traders" to invest TIRN's funds "on a global basis and diversified into many different types of investments such as International Bonds, International Currency Exchange, International Stock Markets and many other types of investment vehicles," including currency trading (Forex), precious metals, retail real estate and energy investments. TIRN engages in no other business activity.

22.    Merrick and TIRN solicit investors online through at least one of TIRN's websites, www.mytirn.com, as well as in person through lunch and dinner seminars and group presentations. Investors in TIRN reside throughout the United States, including Florida, California and Texas, and throughout the world, including Mexico and Serbia. TIRN conducted free lunch seminars in Florida and Tennessee in May, June and July 2009.

23. Merrick and TIRN intentionally misled their investors with oral and written misrepresentations by telling them their money would be spent on Forex, international bonds, international stock market and other investments, when in fact Merrick transferred their money to his own personal checking account and to accounts unrelated to TIRN's operations that he controlled.

24. TIRN also states falsely that it "utilize[s] professional outside sources to invest [TIRN's] portfolio, some using proprietary software" and is exempt from federal securities laws. Specifically, Merrick stated falsely that TIRN partially owns a trading firm and uses twelve traders at this firm and proprietary software to invest. Moreover, TIRN tells investors they will receive 9% to 22% monthly dividends, but failed to disclose that those dividends would come from other investors' money, as opposed to TIRN's investment profits.

25. Merrick knows that the aforementioned representations were and are made to investors, and knows that they were and are false.

## MISUSE OF INVESTOR MONEY

26. From at least July 2008 through December 2008, Merrick and TIRN instructed investors to deposit their funds in a Bank of America account in the name of MS. In December 2008, TIRN emailed investors and instructed them to stop depositing funds in the MS account and instructed investors to deposit funds in accounts in the name of GTT at Washington Mutual or Regions Bank. After December 2008, investors began depositing funds in the GTT accounts, but still continued to deposit funds in the MS account.

27. Merrick authorized the transfer of investor funds deposited in the MS and GTT accounts at these banks to other banks in the names of MS, GTT, MDD and Go Tourism.

Merrick is a signatory on all the accounts. None of these accounts conduct any investment-related business or serve any apparent purpose other than acting as Merrick's corporate alter egos.

28.   Merrick and TIRN did not and do not use investor funds for investments in securities or other investments, as represented. Merrick and TIRN did not and do not transfer any investor funds to a trader or other investment agent who would invest such funds and then distribute the proceeds and/or principal to investors. Instead, Merrick and TIRN misappropriated investor funds in a Ponzi scheme:

29.   Merrick wrote checks in amounts of, and wire transferred to himself, at least $2.4 million in TIRN investor funds from the MS, GTT and other accounts and has charged at least $1.3 million in personal expenditures, such as travel, dining, and entertainment, on credit cards in the names of MS and GTT, for a total of at least $3.7 million. Merrick is the signatory on these credit cards.

30.   Merrick and TIRN have authorized the transfer of at least $8.8 million of investor funds to Anres Technologies Corporation ("Anres"), a privately-owned company that distributes and markets stored value or pre-paid debit cards, to repay other investors in a Ponzi scheme. Merrick and TIRN represent that an investor who wishes to withdraw his or her funds will receive a pre-paid VISA debit card, provided by Anres, loaded with the investor's initial investment and return on the investment, and useable at any ATM worldwide. However, Merrick and TIRN did not and do not tell investors that the money loaded on the Anres debit card was other investors' money.

31. Further, Merrick authorized the transfer of at least $2.3 million from the MS and GTT accounts under the control of Merrick to accounts in Panama, Mexico, Malaysia, Switzerland and the Netherlands.

32. MS, GTT, MDD and Go Tourism operate as Merrick's "alter ego" in this Ponzi scheme. Merrick and TIRN direct investors to deposit their funds into the MS and GTT accounts and, subsequently, Merrick authorizes transfers of funds from these accounts to the MDD and Go Tourism accounts. Merrick is the signatory on all MS, GTT, MDD and Go Tourism accounts and he has authority and control over these accounts.

33. Merrick and TIRN use MS, GTT, MDD and Go Tourism to misappropriate investors' funds and to continue the Ponzi scheme.

## COUNT I

### Violations of Section 17(a)(1) of the Securities Act
### [15 U.S.C. § 77q(a)(1)]
### (Against Merrick and TIRN)

34. Paragraphs 1 through 33 above are re-alleged and incorporated herein by reference.

35. By engaging in the conduct described above, Merrick and TIRN, and each of them, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    a. with scienter, employed devices, schemes, or artifices to defraud;

    b. obtained money or property by means of untrue statements of a materials fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  c. have engaged in transactions, practices or courses of business that have operated as a fraud or deceit upon the purchasers of such securities.

  36. By engaging in the conduct described above, Merrick and TIRN, and each of them, violated, and unless restrained and enjoined will continue to violate, Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT II

### Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act
### [15 U.S.C. §§ 77q(a)(2) and (3)]
### (Against Merrick and TIRN)

  37. Paragraphs 1 through 33 are re-alleged and incorporated by reference.

  38. At the times alleged in this Complaint, Merrick and TIRN, in the offer and sale of securities in the form of investment contracts in TIRN, by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, obtained money or property by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading, as more fully described above.

  39. At the times alleged in this Complaint, Merrick and TIRN, in the offer and sale of securities, by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, engaged in transactions, practices and courses of business which operated or would have operated as a fraud and deceit upon purchasers, as more fully described above.

40. By reason of the activities described herein, Merrick and TIRN have violated and unless restrained and enjoined will continue to violate Sections 17(a)(2), and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and (3)].

## COUNT III

### Violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 Thereunder [17 C.F.R. § 240.10b-5] (Against Merrick and TIRN)

41. Paragraphs 1 through 33 above are re-alleged and incorporated herein by reference.

42. As more fully described in paragraphs 1 through 33 above, Merrick and TIRN, and each of them, in connection with the purchase or sale of securities in the TIRN, by the use of the means or instrumentalities of interstate commerce or by the use of the mails, directly or indirectly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated as a fraud or deceit upon other persons, including purchasers and sellers of such securities.

43. Merrick and TIRN acted with scienter.

44. By reason of the foregoing, Merrick and TIRN violated Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

## COUNT IV

### Aiding and Abetting Violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 Thereunder [17 C.F.R. § 240.10b-5]
(Against MS, GTT, MDD and Go Tourism )

45. Paragraphs 1 through 33 above are re-alleged and incorporated herein by reference.

46. As set forth more fully above in paragraphs 1 through 33, Merrick and TIRN violated Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

47. By their conduct described in paragraphs 1 through 33, MS, GTT, MDD and Go Tourism each knowingly and substantially assisted violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5], and thereby aided and abetted violations by Merrick and TIRN of those provisions of the federal securities laws.

## COUNT V

### Violations of Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)]
(Against Merrick and TIRN)

48. Paragraphs 1 through 33 above are re-alleged and incorporated herein by reference.

49. At all relevant times alleged in the Complaint, Merrick and TIRN and each of them, directly or indirectly: (i) made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell, through the use or medium of offering materials and otherwise, securities as to which no registration statement was in effect; (ii) for the purpose of sale or delivery after sale, carried or caused to be carried through the mails

or in interstate commerce, by any means or instruments of transportation, securities as to which no registration statement was in effect; and (iii) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of a prospectus or otherwise, securities as to which no registration statement had been filed.

50. No valid registration statement was filed or was in effect with the Commission in connection with the offer and sale of securities in the TIRN.

51. No valid exemption from registration under the federal securities laws existed for these offerings of interests in the TIRN program.

52. By reason of the foregoing activities described in paragraphs 1 through 32, Merrick and TIRN violated Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)].

## COUNT VI

### Violations of Sections 206(1), 206 (2) and 206(4) of the Advisers Act and Rule 206(4)-8 Thereunder
### [15 U.S.C. §§ 80b-6(1), (2), and (4); 17 C.F.R. § 275.206(4)-8]
### (Against Merrick)

53. Paragraphs 1 through 33 above are re-alleged and incorporated herein by reference.

54. At all times alleged in the Complaint, Merrick was an investment adviser as defined under the Advisers Act. Merrick managed the investments of TIRN in exchange for compensation in the form of misappropriated investor funds.

13

55. Merrick while acting as an investment adviser, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, has employed and is employing devices, schemes and artifices to defraud his client TIRN; has engaged and is engaging in transactions, practices, and courses of business which operated as a fraud or deceit upon his client TIRN; and as an investment adviser to a pooled investment vehicle, has made untrue statements of material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any transaction, practice, or course of business that is fraudulent, deceptive or manipulative with respect to any investor or prospective investor in the pooled investment vehicle and otherwise engaged in acts, practices or courses of business that was fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

56. By reason of the activities described herein, Merrick has violated and unless restrained and enjoined will continue to violate Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C. § 80b-6(1), (2), and (4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder.

## COUNT VII

### Violations of Section 7(d) of the ICA [15 U.S.C. § 80a-7(d)]
### (Against Merrick and TIRN)

57. Paragraphs 1 through 33 above are re-alleged and incorporated herein by reference.

58. At all relevant times alleged in the Complaint, TIRN has acted as an unregistered foreign investment company as defined in Section 3(a) of the ICA [15 U.S.C. §80a-3(a)].

59. At all relevant times alleged in the Complaint, Merrick represented to potential and actual investors that TIRN pools investors' funds and then works with traders to invest in "stock markets" and non-securities, including currency trading and futures contracts.

60. By reason of the activities described above, TIRN, headquartered in Panama City, Panama, while acting as an unregistered foreign investment company, directly and indirectly, offered, purchased and sold, redeemed or retired securities by the use of the mails and the means and instrumentalities of interstate commerce and engaged in business in interstate commerce.

61. By reason of the activities described above, Merrick is TIRN's underwriter under Section 2(a)(40) of the ICA, because he sells or participates in selling interests in TIRN to investors.

62. At no time was TIRN registered with the Commission as an investment company as required by Section 8 of the ICA [15 U.S.C. §80a-8].

63. By reason of the foregoing activities described herein, Merrick and TIRN violated Section 7(d) of the ICA [15 U.S.C. §80a-7(d)].

## COUNT VIII

### Violations of Section 15(a)(1) of the Exchange Act
### [15 U.S.C. § 78o(a)(1)]
### (Against Merrick and TIRN)

64. Paragraphs 1 through 33, are re-alleged and incorporated by reference as though set forth herein.

65. At all relevant times alleged in the Complaint, Merrick and TIRN, by the conduct described above, namely the sale of interests in TIRN, directly and indirectly, made use of the mails and means and instrumentalities of interstate commerce to effect transactions in, and

induced or attempted to induce the purchase and sale of the securities, without being properly registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

66. By reason of the conduct described above, Merrick and TIRN violated Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that the Court:

I.

Find that Defendants committed the violations alleged above.

II.

Grant a Permanent Injunction, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, restraining and enjoining Defendants Merrick and TIRN, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the Permanent Injunction, by personal service or otherwise, and each of them, from, directly or indirectly, engaging in the acts, practices or courses of business described above, or in conduct of similar purport and object, in violation of Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)]; Sections 10(b) and 15(a) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78o(a)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder; Section 7(d) of the ICA [15 U.S.C. § 80a-7(d)]; and Sections 206 (1), (2) and(4) of the Advisers Act [15 U.S.C. § 80b-6(1), (2) and (4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] thereunder, and restraining and enjoining Defendants MS, MDD, GTT and Go

Tourism, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the Permanent Injunction, by personal service or otherwise, and each of them, from, directly or indirectly, engaging in the acts, practices or courses of business described above, or in conduct of similar purport and object, in violation of Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

### III.

Grant an Order requiring Defendants Merrick, TIRN, MS, GTT, Go Tourism and MDD to disgorge all profits or proceeds that they have received as a result of the acts and courses of conduct complained of herein, with prejudgment interest.

### IV.

Grant an Order prohibiting Defendants Merrick, TIRN, MS, GTT, Go Tourism and MDD, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the Order of Permanent Injunction by personal service or otherwise, and each of them, from directly or indirectly,

    A.    transferring, selling, assigning, pledging, dissipating, concealing or otherwise disposing of in any manner, any funds, assets, accounts, or other property belonging to, or in the possession, custody or control of the Defendants, wherever located,

    B.    destroying, mutilating, concealing, altering or disposing of in any manner, any of the books, records, documents, correspondence, brochures, manuals, obligations or other property (including records contained on any computer or computer diskette) pertaining to the Defendants, wherever located.

V.

Grant an Order directing the Defendants to pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

VI.

Retain jurisdiction of this action in accordance with the principals of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

VII.

Grant an Order directing the Defendants to repatriate all monies that were illegally or fraudulently obtained, wherever located, so that the Commission can meaningfully pursue enforcement of an order ultimately requiring them to disgorge their ill-gotten gains and to pay civil penalties.

VIII.

Grant Orders for such further relief as the Court may deem appropriate.

Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: October 13, 2009

*Adolph J. Dean Jr.*

Adolph J. Dean, Jr., ASB-2869-N77A
Michael M. Cabonargi, IL Bar No. 6273780
Kara M. Washington, IL Bar No. 6226335
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 West Jackson Boulevard, Suite 900
Chicago, IL 60604
Telephone: (312) 353-2606 (Dean)
Telephone: (312) 886-3820 (Cabonargi)
Facsimile: (312) 353-7398
E-mail: Deana@sec.gov
E-mail: Mmcabonargi@sec.gov

United States Attorney for the Middle District of Florida
Randy Gold
Assistant U.S. Attorney
Orlando, Florida
Telephone: 407-648-7500
Local Counsel