**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID F. MERRICK, TRADERS INTERNATIONAL RETURN NETWORK, MS, INC., GTT SERVICES, INC., MDD CONSULTING, INC., AND GO ! TOURISM, LLC**<br><br>**Defendants.** | ) | **Civil Action No. ____________** |

**AGREED ORDER OF PRELIMINARY INJUNCTION AND**
**ORDER IMPOSING ASSET FREEZE AND OTHER EMERGENCY RELIEF**

This cause coming before the Court upon Plaintiff United States Securities and Exchange Commission's ("SEC") Motion for Order of Preliminary Injunction and Order Imposing Asset Freeze and Other Relief (the "SEC's Motion") against defendants David Merrick, Traders International Return Network, MS, Inc., GTT Services, Inc., MDD Consulting, Inc., and Go ! Tourism, LLC (collectively, "Defendants"). The Court has considered the SEC's Motion, the SEC's Complaint and the Consent of the Defendants, and having been fully advised in the premises, finds:

(1) That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

(2) That the SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by

Defendants as alleged in the SEC's Complaint.

(3) That there is good cause to believe that the SEC will ultimately succeed in establishing said violations.

(4) The Court finds good cause to believe that, unless restrained and enjoined by Order of this Court, Defendants may continue to violate the federal securities laws and may dissipate, conceal or transfer assets which could be subject to an order of disgorgement or civil penalties.

(5) That an order freezing assets is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief for the benefit of investors who may have been harmed by Defendants' conduct.

Accordingly, the Court hereby orders as follows:

**I.**

**PRELIMINARY INJUNCTION ORDER**

**IT IS HEREBY ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendants and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order of Preliminary Injunction and Order Imposing Asset Freeze and Other Emergency Relief ("Order") by any manner permitted by the Order, are hereby preliminarily restrained and enjoined from, violating or aiding and abetting any violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by any manner permitted in this Order are preliminarily restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendant David Merrick and his agents,

servants, employees, attorneys, and those persons in active concert or participation with him, and each of them who receive actual notice of this Order, by any manner permitted by the Order, are hereby preliminarily restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Investment Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 206(4)-8] by use of the mails or any means or instrumentality of interstate commerce:

(a) as an investment adviser, to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) as an investment adviser, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) as an investment adviser to a pooled investment vehicle, to make an untrue statement of material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any transaction, practice, or course of business that is fraudulent, deceptive or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by any manner permitted by the Order, are preliminarily restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by any manner permitted by the Order, are preliminarily restrained and enjoined from violating Section 7(d) of the Investment Company Act [15 U.S.C. §80a-7(d)] by making use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to offer for sale, sell or deliver

after sale, in connection with a public offering, any security issued by an investment company that is not organized or otherwise created under the laws of the United States or of a State.

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by any manner permitted by the Order are preliminarily restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. §78o(a)(1)] by, directly or indirectly, as a broker or dealer, effecting any transactions in, or inducing or attempting to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances or commercial bills) unless they are registered with the SEC pursuant to Section 15(b) of the Exchange Act [15 U.S.C. §78o(b)].

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendants and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order by any manner permitted by this Order, are hereby preliminarily restrained and prohibited from soliciting, raising or accepting any additional funds from any investors and shall block public access to and viewing of their websites / remove their websites from the Internet, including www.mytirn.com.

**II.**

## ASSET FREEZE

**IT IS FURTHER ORDERED** that all funds and other assets of Defendants, all funds and other assets held in the name of Defendants, and all funds and other assets held for the benefit of Defendants, including through corporations, trusts, partnerships, agents, nominees, friends or relatives, are hereby frozen.

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, Defendants and their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, are hereby preliminarily restrained from, directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging, hypothecating, assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any funds, assets or other property (including money, real or personal property, securities, chose in action or any other form of asset or property of any kind whatsoever) directly or indirectly owned or controlled by any Defendant, whether held in any of their names or for any of their direct or indirect beneficial interest, or in their possession, including any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which any Defendant has signatory authority or a beneficial interest, or which any Defendant directly or indirectly controls.

**IT IS FURTHER ORDERED** that, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court, any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in Section II of this

Order, in the name of, for the benefit of, or under the control of any Defendant, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

## III.

## LIMITATION ON USE OF ASSETS

**IT IS FURTHER ORDERED** that Defendants, their directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this order or the terms of the asset limitation provisions contained herein, by personal service or otherwise, may not take or liquidate investment positions, and all assets or property of Defendants regardless of form, shall remain in the possession, custody, and control of Defendants.

**IT IS FURTHER ORDERED** that any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any such funds or other assets, in the name, for the benefit, or under the control of the Defendants, and which receives actual notice of this Order or of the terms of the asset limitation provisions contained here, by personal service or otherwise, shall prohibit the dissipation or encumbrance of assets, and ensure that all assets or property of Defendants, regardless of form, remain in the possession, custody, and control of Defendants.

## IV.

## ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant shall, within twenty-one (21) business days of issuance of this Order, provide the SEC with a detailed accounting relating to all persons or entities who invested, entrusted, or otherwise caused to be deposited any money in any account at any financial institution in the name of Defendant or over which Defendant had any direct or indirect beneficial interest or control (each such depositor is herein referred to as an "investor") at any time from January 1, 2006 to the present (regardless of whether Defendant characterizes such deposit as an investment, loan, reimbursement, salary or anything else), and:

a. identify each such investor and provide such investor's address, telephone number and email address;

b. state the date of each investor's deposit with or through Defendant and the amount of the deposit;

c. identify any and all accounts at any financial institution into which such funds have been deposited, including the name and address of the financial institution, the account name and the account number;

d. describe the nature of the deposit (investment, loan, salary, etc.)

e. provide a description of the use(s) of each such deposit (i.e., used to purchase 40 shares of company x stock on x date, or used to purchase Mercedes Benz on x date);

f. state the date and amount of any distributions to each such person or entity;

g. provide a current valuation of each such person or entity's investment, and briefly set forth the basis for each valuation;

h. identify all of Defendant's assets and liabilities, wherever such assets and liabilities are located. For each such asset or liability, (a) describe the asset or liability; (b)

identify the physical location of the asset or liability; (c) for financial assets or liabilities, identify the name of the financial institution, its location, and the name of the account and the account number where such asset or liability is currently held, and identify and provide contact information for all signatories on the account; (d) identify the person or entity who holds title to such asset, and if such person or entity is not Defendant, provide all known contact information for such person or entity; and (e) provide the date the asset was acquired or the liability was incurred.

i. produce the most recent statements (or any similar communication) provided by Defendant or anyone else to each investor relating to the status and value of each such investor's investment with or through Defendant; and a list identifying and fully describing any transactions in any account since the most recent statement;

j. produce the most recent brokerage or other statements sent to Defendant by all custodians of any securities, commodities, or other assets held for the benefit of Defendant or any persons or entities who invested, entrusted, or deposited any money with or through Defendant;

k. produce, for the period from January 1, 2006, to the present, all books, records and other documents in Defendant's possession, custody or control relating to any current or former investor, including any investor files, and all communications with any current or former investors, and all investor agreements, contracts, or other documents signed by any current of former investor; and

l. Produce all books, records and all other documents (including electronically stored documents) supporting or underlying the accounting provided to the SEC pursuant to this Section.

**V.**

**DOCUMENT PRESERVATION**

**IT IS FURTHER ORDERED** that Defendants**,** and all of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, files and other property, wherever located, relating in any way to: (a) any matters described in the Complaint filed by the SEC in this action; or (b) Defendant's current or former personal or business assets or liabilities, or relating to any other business or personal financial dealings since January 1, 2006, until further order of this Court. In addition, Defendants are prohibited from facilitating or assisting the destruction, alteration or compromise of any evidence that is in the possession, custody or control of third parties, including any and all computer servers, computer network equipment or other items used to operate the TIRN website.

**VI.**

**REPATRIATION**

**IT IS FURTHER ORDERED** that Defendants shall, within ten (10) days of the date of this Order, repatriate to the territory of the United States all funds and assets that are held by any Defendant or are under its direct or indirect control, jointly or singly and to deposit such repatriated funds into the Registry of this Court, and within fourteen (14) days of the date of this Order, provide the Court and the SEC with a full accounting of the repatriated funds and assets.

**VII.**

## SERVICE AND NOTICE

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail. Email upon any contact provided by the TIRN website shall constitute proper service upon TIRN.

## VIII.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS FURTHER ORDERED** that nothing in this Order shall be construed to require that Defendants waive any constitutional or other legal privilege which they may have available to them.

**SO ORDERED:**

Dated: October ____14___, 2009

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE