UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                          Plaintiff,<br><br>                          v.<br><br>David F. Merrick, Traders International Return Network, MS, Inc., GTT Services, Inc., MDD Consulting, Inc., and Go ! Tourism, LLC,<br><br>                        Defendants. | Civil Action No. 09-cv-01744 |

## ORDER OF PERMANENT INJUNCTION

The United States Securities and Exchange Commission having filed a Complaint and Defendants David Merrick, Traders International Return Network, MS, Inc., GTT Services, Inc., MDD Consulting, Inc., and Go ! Tourism, LLC ("Defendants"), having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Order of Permanent Injunction ("Order") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order of Permanent Injunction ("Order") by personal service or otherwise are permanently restrained and enjoined from, violating or aiding and abetting any violation of Section 10(b) of the Securities Exchange Act of

1

1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant David Merrick and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 206(4)-8] by use of the mails or any means or instrumentality of interstate commerce:

(a)      as an investment adviser, to employ any device, scheme, or artifice to defraud any client or prospective client;

(b)      as an investment adviser, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c)      as an investment adviser to a pooled investment vehicle, to make an untrue statement of material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any transaction, practice, or course of business that is fraudulent, deceptive or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

# IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 7(d) of the Investment Company Act of 1940 [15 U.S.C. §80a-7(d)] by making use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to offer for sale, sell or deliver after sale, in connection with a public offering, any security issued by an investment company that is not organized or otherwise created under the laws of the United States or of a State.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Traders International Return Network and David Merrick and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. §78o(a)(1)] by, directly or indirectly, as a broker or dealer, effecting any transactions in, or inducing or attempting to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances or commercial bills) unless they are registered with the SEC pursuant to Section 15(b) of the Exchange Act [15 U.S.C. §78o(b)].

## VII.

Upon a motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendants shall pay prejudgment interest thereon, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with a Commission motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of this Order; and (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true.  In connection with a Commission motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VIII.

**It Is Further Ordered, Adjudged, And Decreed** that the Consent of Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for a period of 60 months from its entry for the purposes of enforcing the terms of this Order.

Dated: May 11, 2011

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE